**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONIQUE BARBARA VOGEL, ) | NO. ED CV 17-1840-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | **AND ORDER OF REMAND** |
| Commissioner for Operations, ) | |
| Performing duties and functions not ) | |
| reserved to the Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on September 11, 2017, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

October 6, 2017.

Plaintiff filed a motion for summary judgment on February 26, 2018. Defendant filed a motion for summary judgment on March 28, 2018. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed September 12, 2017.

**BACKGROUND**

Plaintiff, a former waitress, asserts disability since June 6, 2011, based primarily on alleged neck pain (Administrative Record ("A.R.") 11-30, 66, 146-50, 1009). Plaintiff's disability insurance status expired on September 30, 2015 (A.R. 988).

Following a remand by this Court, an Administrative Law Judge ("ALJ") conducted another hearing and examined the record (A.R. 986-97; see A.R. 1-982, 998-1647). The ALJ found Plaintiff has severe "degenerative disc disease of the cervical spine with cervical spondylosis; bursitis of the left shoulder; degenerative joint disease; history of thyroid cancer; and hypothyroidism" (A.R. 988). The ALJ also found, however, that through September 30, 2015, Plaintiff retained the residual functional capacity to perform medium work, including Plaintiff's past relevant work as a waitress (A.R. 989, 996).

In reaching this conclusion, the ALJ rejected the opinion of Plaintiff's treating orthopedist, Dr. Neil Halbridge (A.R. 995). Dr. Halbridge, who treated Plaintiff beginning in 2007 and continuing into

2015, consistently opined during 2012-15 that Plaintiff's severe neck problems limited Plaintiff to less than a sedentary exertional capacity (A.R. 707, 901, 905, 909, 911, 914, 921, 925, 930, 935, 939, 942, 1522, 1528, 1534, 1540, 1546, 1552, 1558, 1564, 1570, 1576, 1582, 1588, 1594, 1600, 1606, 1612, 1618, 1624, 1632).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

///
///

**DISCUSSION**

The opinion of a treating physician commands particular respect. "As a general rule, more weight should be given to the opinion of the treating source than to the opinion of doctors who do not treat the claimant. . . ." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted). A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physicians' opinions). Even where the treating physician's opinion is contradicted, as here,[1] "if the ALJ wishes to disregard the opinion of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted). These reasons must be stated in the ALJ's decision itself; the Court "cannot affirm the decision of an agency on a ground that

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

4

the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

In the present case, the ALJ stated illegitimate reasons for rejecting the opinion of Dr. Halbridge. First, the ALJ stated that Dr. Halbridge's "statements that provided medically acceptable clinical and diagnostic findings indicated the same exact findings during each visit. . . ." (A.R. 995). The ALJ's statement is inaccurate. Dr. Halbridge's statements do not "indicate[] the same exact findings during each visit. . . ." For example, Dr. Halbridge's statements for different visits indicate different findings for: cervical spine flexion; cervical spine extension; cervical spine right lateral bending; cervical spine left lateral bending; cervical spine right rotation; and cervical spine left rotation (see, e.g., A.R. 1520-21, 1532-33, 1539, 1545, 1551, 1556-57, 1562-63, 1568, 1574-75, 1580-81).[2] An ALJ's material mischaracterization of the record can warrant remand. See, e.g., Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999).

Second, and relatedly, the ALJ erred in speculating or assuming from the ALJ's inaccurate "same exact findings" premise that "Dr. Halbridge made one physical determination and possibly continued to use those physical findings despite possible improvement in the claimant's conditions" (A.R. 995). Rejection of a treating

---

[2] The Court specifically references these differing cervical motion findings because such findings appear particularly material to an evaluation of Plaintiff's neck pain. Dr. Halbridge's statements indicate other differing findings as well.

5

physician's opinion may not properly be based on "unsupported and unwarranted speculation that the . . . doctor[] [was] misrepresenting the claimant's condition. . . ." Lester v. Chater, 81 F.3d at 832. Furthermore, an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits." Id. (citations and quotations omitted). The ALJ should not have speculated or assumed that Dr. Halbridge authored multiple statements detailing physical examinations that either never took place or never yielded the reported findings, and the ALJ should not have concluded therefrom that Dr. Halbridge's opinion was baseless. See Smolen v. Chater, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

Third, in rejecting Dr. Halbridge's opinion, the ALJ improperly relied on the "relatively conservative treatment" received by Plaintiff (A.R. 995). "[T]he failure of a treating physician to recommend a more aggressive course of treatment, absent more, is not a legitimate reason to discount the physician's subsequent medical opinion about the extent of disability." Trevizo v. Berryhill, 871 F.3d 664, 677 (9th Cir. 2017). Moreover, the ALJ's characterization of Plaintiff's treatment as "relatively conservative" may well be inaccurate. See, e.g., Lapierre-Gutt v. Astrue, 382 Fed. App'x 662,

664 (9th Cir. 2010) (treatment including narcotic pain medication and cervical fusion surgery deemed not conservative); <u>Aguilar v. Colvin</u>, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("there is evidence in the record that Plaintiff has been prescribed narcotic pain medications, such as Vicodin. . . . It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications"); <u>Brunkalla-Saspa v. Colvin</u>, 2014 WL 1095958, at *1 (C.D. Cal. March 18, 2014) ("[T]he ALJ found that Plaintiff had been conservatively treated with Vicodin. . . . But Vicodin qualifies as strong medication to alleviate pain") (citations and quotations omitted); <u>Sanchez v. Colvin</u>, 2013 WL 1319667, at *4 (C.D. Cal. March 29, 2013) ("Surgery is not conservative treatment");[3] <u>but see</u> <u>Bartlett v. Colvin</u>, 2015 WL 2412457, at *12 (D. Or. May 21, 2015) (characterizing the prescription of Vicodin as "conservative treatment").

The Court is unable to deem the errors in the present case to have been harmless. <u>See</u> <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency"); <u>see also</u> <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further

---

[3] Doctors have recommended surgery for Plaintiff's neck condition (A.R. 15, 843, 1242-43).

administrative review is needed to determine whether there was prejudice from the error").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the errors discussed herein. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d at 1101 n.5 (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record. For example, it is not clear that the ALJ would be required to find Plaintiff disabled at all times between the June 6, 2011 alleged onset date and the September 30, 2015 expiration of insured status even if Dr. Halbridge's opinion were credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

The Court is mindful of the fact that the Court remanded this matter once before. However, the instant case does not present a situation in which the Administration made the same mistakes twice, or

a situation in which further administrative proceedings would only delay the inevitable receipt of disability benefits.

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 4, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014).